**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3643-17T4

J.G.,

     Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES,

     Respondent-Respondent.

_____

Submitted April 30, 2019 – Decided May 13, 2019

Before Judges Hoffman and Enright.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

SB2, Inc., attorneys for appellant (Laurie M. Higgins, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jacqueline R. D'Alessandro, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner, J.G., by his designated authorized representative (DAR), appeals from the failure of respondent, Division of Medical Assistance and Health Services (the Division), to respond to his request for a hearing before the Office of Administrative Law (OAL). J.G.'s DAR seeks an OAL hearing to challenge a decision of the Essex County Division of Family Assistance and Benefits denying J.G. Medicaid benefits. The county welfare agency denied J.G.'s request for Medicaid benefits, concluding he was ineligible as he died before eligibility could be met. After conducting a thorough review of the record in light of the arguments raised on appeal, we remand for the Division to transfer the matter to the OAL for a hearing.

J.G. passed away four months before the denial of his Medicaid application. His DAR, Future Care Consultants (FCC), submitted a timely appeal for a fair hearing. The Division refused to transmit the appeal until a representative was authorized by J.G.'s estate. When that did not occur, the Division denied the fair hearing request. The Division maintains it had no obligation to afford FCC a hearing because FCC's DAR extinguished upon J.G.'s death and FCC is not the personal representative of J.G.'s estate.

A-3643-17T4

J.G. responds by asserting that under a separate Medicaid regulation, 42 C.F.R. § 400.203, and related Medicare regulations, J.G. remains a Medicaid "applicant" and, accordingly, the OAL is required to schedule a fair hearing. J.G. further maintains that in accordance with the doctrine of in pari materia, we should read "42 C.F.R. § 400.203 and 42 C.F.R. § 435.923 as a unified and harmonious whole" so as to permit FCC to prosecute J.G.'s application before the OAL, without requiring FCC to separately petition a court to become a representative of J.G.'s estate. Notably, J.G. was indigent when he passed away. Therefore, petitioner contends if J.G. does not qualify for Medicaid benefits, his former nursing home facility will not be reimbursed for services it provided to J.G.

The Division is the administrative agency within the Department of Human Services that is charged with administering the Medicaid program. N.J.S.A. 30:4D-7. In this regard, the Division has the authority to oversee all State Medicaid programs and issue "all necessary rules and regulations." Ibid. Under applicable state and federal regulations, if an "applicant" is denied Medicaid benefits, the "applicant . . . [is] to be afforded the opportunity for a fair hearing in the manner established by the policies and procedures set forth in N.J.A.C. 10:49-10 and 10:69-6." N.J.A.C. 10:71-8.4(a); 42 C.F.R. § 431.220.

Applicants have the right to fair hearings when "their claims . . . are denied or are not acted upon with reasonable promptness . . . ." N.J.A.C. 10:49-10.3(b); 42 C.F.R. § 431.220(a)(1). Requests for fair hearings must be submitted to the Division in writing within twenty days of the denial, reduction, or partial denial of Medicaid benefits. N.J.A.C. 10:49-10.3(b)(1) and (3); 42 C.F.R. § 431.221(d). According to J.G., a fair hearing can only be denied if "the applicant withdraws the request in writing, or if the applicant fails to appear at a scheduled hearing without good cause." See 42 C.F.R. § 431.223.

The Division argues it failed to schedule a fair hearing because FCC "lacked authorization from J.G.'s estate" to pursue that hearing. We interpret this position as a claim that FCC did not have standing, and therefore, had no right to request a hearing, as N.J.A.C. 10:71-8.4 permits fair hearings only for an "applicant." See also 42 C.F.R. § 431.221. We conclude that the Division shall transfer the matter to the OAL for it to address that standing claim. A hearing will permit the Division to exercise its "special competence" and address in the first instance whether FCC is an applicant with standing, after considering 42 C.F.R. § 400.203, 42 C.F.R. § 435.923(c), and the related Medicare regulations cited by J.G. See Muise v. GPU, Inc., 332 N.J. Super. 140, 158

(App. Div. 2000) (quoting <u>Daaleman v. Elizabethtown Gas Co.</u>, 77 N.J. 267, 269 n.1 (1978)).

If the OAL determines FCC has standing, the merits of the dispute related to the county welfare agency's denial of benefits to J.G. should be considered at a fair hearing conducted consistent with fundamental notions of due process. In the event FCC is deemed not to have standing, the OAL should also determine whether J.G.'s estate should be permitted, under the circumstances, to identify a new DAR for the purpose of prosecuting J.G.'s claim at a fair hearing. The OAL's ruling may be reviewed or challenged before the agency and ultimately, by this court if further review is sought. Accordingly, we remand for the Division to transfer the matter for a hearing before the OAL. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3643-17T4